**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **RICKY LEE MANNEN, #563654** * | |
| Petitioner, * | |
| v. * | Case No.: GJH-15-830 |
| * | |
| **SUZANNE FISHER, WARDEN, ET AL.,** * | |
| Respondents. * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Ricky Lee Mannen ("Mannen"), a prisoner currently incarcerated within the Maryland Division of Correction ("DOC") and housed at the Central Maryland Correctional Facility, filed a habeas corpus petition challenging his March 8, 2012 conviction in the Circuit Court for Baltimore City for second-degree assault and a weapons violation.[1] Because Mannen attacks the underlying conviction and/or the sentence imposed by the state court, his petition is construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. The Court must dismiss his claim, however, because Mannen has not exhausted his remedies.

---

[1] The incident occurred on November 6, 2011. Mannen pled guilty on March 8, 2012, and was sentenced to concurrent five-year terms of incarceration commencing November 6 2011. *See* *http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=311355003&loc=69&detailLoc=DSK8*. On March 8, 2012, Mannen was also convicted of violating probation following a 2009 assault conviction. *See* *http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=209098041&loc=69&detailLoc=DSK8*. The 2009 conviction in the Circuit Court for Baltimore City resulted in a nine year sentence with all but three years suspended. On March 8, 2012, Mannen was sentenced to serve the three year sentence imposed in the 2009 case. *Id.* Mannen's March 8, 2012 Circuit Court appearance also resulted in an additional three year sentence for violation of probation on a 2009 drug conviction, for which he had been given a nine year sentence, all but three years suspended. *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=209098039&loc=69&detailLoc=DSK8.

**Analysis**

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. In the Maryland state courts, a petitioner seeking to attack his criminal conviction and/or sentence may do so on direct appeal or by post-conviction. Here, Mannen indicates he filed an appeal to the Court of Special Appeals of Maryland regarding the firearm conviction, but did not seek further appellate review in the Court of Appeals of Maryland. *See* ECF No. 1 at 2-3. His allegations concerning his plea agreement, as well as his allegations concerning errors committed by his counsel, the prosecutor, and the trial judge, were all raised in his post-conviction petition, which Mannen subsequently withdrew. *See* ECF No. 1 at 4. Thus, to the extent Mannen wishes to contest his underlying conviction and sentence imposed by the Circuit Court, he did not avail himself of state review of his claims prior to filing the instant petition. Accordingly, the Court cannot consider Mannen's allegations concerning his § 2254 since he did not exhaust his remedies.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001)

(quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).  Mannen has failed to satisfy this standard.

As such, the Court will not issue a certificate of appealability.[2]

Dated: April 27, 2015                                                                  /S/
                                                                           George J. Hazel
                                                                           United States District Judge

---

[2] To the extent Mannen's petition attacks the manner in which his sentence was imposed (*i.e*. the improper calculation of diminution credits), Mannen's petition would arise under 28 U.S.C. § 2241.  Even if the Court construed Mannen's writ as arising under this provision, it would still dismiss this claim for failure to exhaust his remedies. Following exhaustion of his state court remedies, Mannen may seek habeas corpus relief in federal court pursuant to 28 U.S.C. § 2241, using forms available from the Clerk of Court and provided with the accompanying Order. Mannen will be provided with the proper forms to refile his diminution claim, presenting his arguments in a more focused manner.